Filed 7/31/18

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| RENEE ESTILL, | C077513 |
| Plaintiff and Appellant, | (Super. Ct. No. 12CVCV0175693) |
| v. | |
| COUNTY OF SHASTA et al., | |
| Defendants and Appellants. | |

APPEALS from an order and a judgment of the Superior Court of Shasta County, Stephen Benson, Judge. Reversed in part and affirmed in part.

Law Offices of Michael A. Scheibli, Michael A. Scheibli, Rogers Joseph O'Donnell, and John G. Heller for Plaintiff and Appellant.

Law Offices of James A. Wyatt, James A. Wyatt, Best Best & Krieger, Lewis Brisbois Bisgaard & Smith, Kira L. Klatchko, Irene S. Zurko, Lann G. McIntyre, and James R. Ross for Defendants and Appellants.

M. Christine Davi, City Attorney (Monterey) for California State Association of Counties and League of California Cities as Amicus Curiae on behalf of Defendants and Appellants.

Renee Estill submitted a government claim against the County of Shasta and others, specifically representing that she first became aware of the alleged incident on

1

September 9, 2011.  The County accepted Estill's representation and denied her claim on the merits.  Because it accepted the claim as timely, the County did not warn Estill to seek leave to present a late claim.  This lawsuit followed.

During Estill's deposition, however, defendants learned she was aware of the alleged wrongdoing as early as 2009.  The trial court granted defendant's motion for summary judgment primarily on the ground that Estill's government claim was untimely, but later granted her motion for a new trial, ruling there are triable issues of fact as to whether defendants waived their defense of untimeliness because the County did not warn Estill that she should seek leave to present a late claim pursuant to Government Code section 911.3, subdivision (b).[1]  Defendants appeal from the order granting Estill a new trial, and Estill cross-appeals from the judgment in favor of defendants.

After oral argument in this case, we asked the parties for supplemental briefing on the application of equitable estoppel in this context.  We conclude that a claimant may be estopped from invoking the section 911.3 waiver provision where a public entity's failure to notify the claimant that a claim is untimely is induced by the claimant's representation on the government claim form.  And in this case, based on the entire appellate record, including the supplemental briefs, we conclude Estill is estopped from asserting that defendants waived their defense of untimeliness.  She represented in her government claim that the incident of wrongdoing occurred in September 2009, but that she "first became aware" of the incident on September 9, 2011.  She included an attachment to her government claim in which she could have explained what she had learned in 2009 and 2010 about the alleged misconduct, but she did not mention her prior knowledge.  Thus, the record indicates she intended for the County to rely on her representation in the government claim, and the County did in fact rely on the representation.  Accordingly,

_____

[1] Undesignated statutory references are to the Government Code.

we will reverse the trial court's order granting Estill's motion for a new trial and affirm the judgment entered in favor of defendants.

## BACKGROUND

Estill was employed by the Shasta County Sheriff's Office and worked at the Shasta County Jail. In July 2009, the Sheriff's Office initiated an internal affairs investigation regarding allegations that Estill had improper communications with an inmate. Later that year, Estill learned that correctional officers were discussing her investigation and not maintaining confidentiality.

On September 29, 2009, the Sheriff's Office served Estill with a notice of charges in support of proposed termination. Estill was then mistakenly denied entry into the jail based on the belief that she had been fired. Estill realized jail staff had improperly received information about her and she complained. Throughout the remainder of 2009, she learned about others who were inappropriately discussing her internal affairs investigation.

Estill had a prediscipline administrative hearing, and around that time or right after her employment was terminated, she heard about rumors regarding the parentage of her son and further discussions about her internal affairs case. Her employment was terminated effective January 11, 2010, and her administrative appeal was denied on September 10, 2010.

Between January 11 and July 21, 2010, Estill heard more comments about the parentage of her son. She also heard that people unconnected to her internal affairs investigation were talking to Sheriff's Office employees about her and her case.

Estill served the County with a government claim on February 23, 2012. The claim said the date of the incident was September 2009, but Estill represented that the date she "first became aware" of the incident was September 9, 2011. The claim alleged that on September 9, 2011, an employee of the Sheriff's Office revealed to Estill that a specified Sheriff's Captain had told Sheriff's Department employees about the nature of

3

an investigation regarding Estill from September 2009 through the Fall of 2010. The claim alleged gossip and rumors had been spread, a hostile environment had been created, and Estill had been harassed.

The County denied Estill's claim and informed her, "Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim (see Government Code Section 945.6)." Estill filed a complaint against defendants within six months of the County's notice, asserting causes of action for violation of her federal and state constitutional rights to privacy, invasion of privacy/intrusion into private affairs, defamation per se, intentional infliction of emotional distress, and negligent infliction of emotional distress. During Estill's deposition, defendants learned she was aware of the alleged wrongdoing as early as 2009.

The trial court ultimately granted defendant's motion for summary judgment. The trial court concluded Estill's first cause of action asserting a federal right to privacy failed on the merits, and her remaining causes of action were barred because she did not file a government claim within six months of the accrual of those causes of action. However, the trial court subsequently granted Estill's motion for a new trial on the second through sixth causes of action, concluding triable issues of fact exist as to whether section 911.3 applies to impose on defendants a waiver of their defense that Estill did not timely present a government claim.

Defendants appeal from the order granting Estill a new trial. (Code Civ. Proc., § 904.1, subd. (a)(4).) Estill cross-appeals from the judgment. (Code Civ. Proc., § 437c, subd. (m).)

DISCUSSION

I

Defendants contend the trial court should have denied Estill's motion for new trial because Estill presented her government claim more than two years after her causes of

4

action accrued. Because the trial court granted Estill a new trial based on a question of law, we review the order de novo. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 859-860; *Doe v. United Air Lines, Inc*. (2008) 160 Cal.App.4th 1500, 1504-1505.)

Suspicion of one or more elements of a cause of action, coupled with knowledge of any remaining elements, generally triggers accrual. (*Fox v. Ethicon Endo-Surgery, Inc*. (2005) 35 Cal.4th 797, 807 (*Fox*).) It is enough if an individual has notice or information of circumstances that would put a reasonable person on inquiry. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 398 (*Norgart*) [a plaintiff must seek to learn the facts necessary to bring the cause of action and cannot sit on his or her rights].) Here, Estill filed her government claim more than six months after her second through sixth causes of action accrued. Those causes of action allege violation of Estill's state constitutional right to privacy, invasion of privacy, defamation per se, intentional infliction of emotional distress, and negligent infliction of emotional distress, based on (1) disclosure of her confidential personnel records and private information, and (2) false statements that she had sex with inmates and that her son was fathered by an inmate and not her husband. It is undisputed Estill was aware in 2009 and 2010 that information from her internal affairs investigation case had been leaked and was being discussed by people at the Sheriff's Office and other agencies. On this record, Estill's second through sixth causes of action accrued by July 2010.[2] At that time she knew information from her internal affairs investigation had been leaked, she had a strong suspicion regarding the

_____

[2] We are aware that a cause of action for intentional infliction of emotional distress accrues when defendant's conduct causes plaintiff to suffer severe emotional distress. (*Kiseskey v. Carpenters' Trust for So. California* (1983) 144 Cal.App.3d 222, 232; *Murphy v. Allstate Ins. Co.* (1978) 83 Cal.App.3d 38, 51.) But Estill never asserted in the trial court that her cause of action for intentional infliction of emotional distress accrued on September 9, 2011.

5

source of the leak, and she was aware people were making allegedly defamatory statements about her and her son.

Although Estill argues she did not discover the true nature of her claims until she learned the identities of the alleged wrongdoers on September 9, 2011, ignorance of the identity of a defendant does not delay accrual of a cause of action because the defendant's identity is not an element of a cause of action. (*Fox, supra*, 35 Cal.4th at p. 807; *Norgart, supra*, 21 Cal.4th at pp. 398-399 [the plaintiff may allege she is ignorant of the name of a defendant, designate the defendant as a Doe defendant, use the machinery of discovery to identify the defendant, amend the complaint when the defendant's true name is discovered and serve the complaint on that defendant within three years of its filing].) As her deposition testimony showed, Estill had reason to suspect that someone had done something wrong to her long before September 9, 2011.

Estill did not file a claim until February 23, 2012, more than six months after her causes of action accrued. Accordingly, she cannot maintain a claim for damages against defendants unless there is an applicable exemption or excuse for not complying with section 911.2. (§§ 905, 911.2, subd. (a), 945.4.) We turn next to that issue.

II

Defendants argue they did not waive the defense of an untimely government claim because Estill's government claim was timely on its face, the County rejected it on the merits, and hence the County was not required to give a section 911.3 advisement.

Under the Government Claims Act, if a government claim is untimely and there is no application for leave to present a late claim, the public entity may give written notice that the claim is untimely and return it without further action. (§ 911.3, subd. (a).) The notice must warn the person making the government claim that his or her only recourse is to apply without delay to the public entity for leave to present a late claim. (§ 911.3, subd. (a).) Failure to give the warning within 45 days after the claim was presented

6

results in waiver of the defense that the government claim was untimely. (§ 911.3, subd. (b).)

The County says it had a duty to reject the claim on the merits because a public entity may not make factual determinations about a claim's timeliness. Estill counters that a public entity can investigate a claim that appears timely and return it as untimely. It is true that the claims-presentation requirements encourage a public entity to timely investigate a claim. (*Phillips v. Desert Hospital Dist.* (1989) 49 Cal.3d 699, 709.) In particular, the notice and defense-waiver provisions (§§ 910.8, 911, 911.3) furnish strong incentive for a public entity to investigate a claim even if they do not require a public entity to do so. (*Phillips, supra,* 49 Cal.3d at pp. 706, 711.) But here, the representations in Estill's government claim gave the County no initial reason to question when she first became aware of the alleged incident.

Estill argues the language in her government claim should have alerted the County that her claim might not be timely, but we disagree. The claim did not state facts showing that Estill was aware of any alleged wrongdoing prior to September 9, 2011. While the County was not required to accept Estill's representation, the claim did not alert the County that Estill's claim might be untimely. And the County did not err in treating Estill's claim as timely when Estill asserted facts which, if true, would make her claim timely. (See *Mandjik v. Eden Township Hospital Dist.* (1992) 4 Cal.App.4th 1488, 1504 & fn. 11; *Scott v. County of Los Angeles* (1977) 73 Cal.App.3d 476, 484; *Rason v. Santa Barbara City Housing Authority* (1988) 201 Cal.App.3d 817, 830.)

In addition, Estill asserts the Legislature did not create an exception to section 911.3 for facially timely claims. That may be so, but section 911.3, subdivision (b) also does not show a legislative intent to preclude the application of equitable doctrines such as estoppel. (Cf. *Rand v. Andreatta* (1964) 60 Cal.2d 846, 851 [specification of grounds for granting late-claim relief in former section 716 does not imply legislative intent to

7

abolish estoppel as a ground for granting a claimant relief from the claims-presentation requirements].)

"Generally speaking, equitable estoppel is a rule of fundamental fairness by which a party is precluded from benefiting from conduct designed to prevent determination of the truth and a resolution based thereon." (*Adoption of Kelsey S.* (1992) 1 Cal.4th 816, 853 (conc. & dis. opn. of Mosk, J.).) The elements of estoppel are: (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that his or her conduct shall be acted upon or must act in a way that causes the other party to believe that was his or her intent; (3) the party asserting estoppel must be unaware of the true facts; and (4) the party asserting estoppel must detrimentally rely on the other party's conduct. (*Estate of Bonzi* (2013) 216 Cal.App.4th 1085, 1106; *Orr v. City of Stockton* (2007) 150 Cal.App.4th 622, 635-636.) Estoppel may be proven by reasonable inferences drawn from the evidence. (*Estate of Bonzi, supra*, 216 Cal.App.4th at p. 1107.) While estoppel generally is a question of fact, if the facts are undisputed and only one reasonable conclusion can be drawn from them, whether estoppel applies is a question of law. (*Id.* at p. 1106.)

Courts have held that equitable estoppel bars a public entity from asserting noncompliance with the Government Claims Act where the conduct of its agents or employees prevented or deterred the claimant from complying with the requirements of the statute. (See, e.g., *John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 445; *J.P. v. Carlsbad Unified School Dist.* (2014) 232 Cal.App.4th 323, 333-335; *Sofranek v. County of Merced* (2007) 146 Cal.App.4th 1238, 1251-1252.) We conclude here that a claimant may be estopped from invoking the section 911.3 waiver provision where a public entity's failure to notify the claimant that a claim is untimely is induced by the claimant's representation on the government claim form.

And in this particular case, only one reasonable conclusion can be drawn from the evidence before the trial court. Estill is estopped to assert a section 911.3 waiver because

8

she represented on her government claim form that the date she "first became aware of [the] incident" was September 9, 2011. She included an attachment to her government claim in which she could have explained what she had learned in 2009 and 2010 about the alleged misconduct, but she did not mention her prior knowledge. Instead, the attachment reiterated her representation that she learned about the alleged violations on September 9, 2011. When she submitted her government claim form, Estill knew the true facts about when she first became aware of the alleged unlawful conduct, but the County did not. Consistent with the trial court's findings, the only reasonable inference to be drawn from the record is that Estill intended the County to treat her claim as timely, and the County relied on her representation and treated the claim as timely, denying the claim on the merits. Given that Estill repeatedly represented in her government claim that the date she first became aware of the incident was September 9, 2011, it would be unfair to allow her to subsequently assert that under section 911.3, subdivision (b), defendants waived their section 911.2 timeliness defense by accepting her repeated representations. Under these circumstances, the County was not required to give the section 911.3, subdivision (a) notice and warning.

Estill nevertheless claims the County forfeited its right to invoke equitable estoppel because it did not plead estoppel as an affirmative defense in its answer, nor did the County assert estoppel in its motion for summary judgment. While it is true that in general estoppel must be pleaded, that requirement does not apply where the party claiming estoppel is unaware at the time of preparing the pleading that their defense may rest on it. (*Auto Auction, Inc. v. Riding Motors* (1960) 187 Cal.App.2d 693, 698; *Guy v. Leech* (1920) 47 Cal.App. 704, 708.) Here, as Estill conceded in the trial court, she did not assert the section 911.3 waiver (to which the argument of equitable estoppel was directed) until she filed her motion for a new trial. The County argued in opposition to Estill's new trial motion that it had no reason or basis to doubt the statement in Estill's government claim that Estill first became aware of her claim on September 9, 2011, and

9

the County relied on that representation. The trial court found that based on the representation by Estill, the County treated her claim as timely and rejected it rather than returning it as untimely.

Estill further complains that the County misled her regarding her options for relief because it did not direct her attention to the late-claim relief procedures. But even if the County had given Estill the section 911.3, subdivision (a) warning, Estill could not have obtained relief from the claim-presentation requirements because a late-claim application must be presented no more than one year after the accrual of the cause of action and Estill submitted her claim to the County more than one year after her causes of action accrued. (§§ 911.4, subd. (b), 946.6, subd. (c); *Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1779 [trial court has no jurisdiction to grant relief under section 946.6 when the application to file a late claim is filed more than one year after the accrual of the cause of action].) Estill asserts that a cause of action for defamation accrues each time defamatory matter is published or republished and an action for intentional infliction of emotional distress does not accrue until the plaintiff has suffered severe emotional distress as a result of the defendant's conduct. But Estill does not show how those legal propositions apply to make her February 23, 2012 claim timely. She does not provide a record citation showing a triable issue of material fact regarding accrual based on publication, republication or developing severe emotional distress within six months before February 23, 2012. We are not required to examine undeveloped claims. (*Maral v. City of Live Oak* (2013) 221 Cal.App.4th 975, 984-985; *Tilbury Constructors, Inc. v. State Comp. Ins. Fund* (2006) 137 Cal.App.4th 466, 482-483.)

Under the circumstances, Estill cannot maintain a cause of action against defendants because she failed to present the County with a prelawsuit claim no later than six months after the accrual of her causes of action and as a matter of law, she was not entitled to relief from the claims-presentation requirements. (§§ 911.2, subd. (a), 911.4, subd. (b), 945.4, 946.6, subd. (c); *DiCampli-Mintz v. County of Santa Clara* (2012)

10

55 Cal.4th 983, 990.)  Nothing in the record indicates a triable issue of material fact exists as to whether section 911.3, subdivision (b) applies.[3]  Estill's cross-appeal is based on the same arguments raised in response to the County's appeal, and she fails to establish that the judgment should be reversed.

Because we conclude Estill is estopped from asserting waiver under section 911.3, subdivision (b), we need not consider defendants' argument that they did not waive the statute of limitations defense.

DISPOSITION

The order granting Estill a new trial is reversed.  The judgment in defendants' favor following the grant of summary judgment is affirmed.  Defendants shall recover their costs on appeal.

                                                     /S/
                                       MAURO, Acting P. J.

We concur:

     /S/
MURRAY, J.

     /S/
HOCH, J.

---

[3] The trial court concluded there was a triable issue of fact surrounding the application of section 911.3 because it did not have facts explaining what, if anything, the County did to investigate Estill's claim when it was presented.  The trial court said that if an investigation determined Estill engaged in conduct that made her untimely claim appear timely when it was not, there might be an estoppel argument justifying non-application of section 911.3's waiver provision.  As we have explained, however, the undisputed facts already establish that Estill engaged in conduct that made her untimely claim appear timely.  Estill omitted facts about what she learned in 2009 and 2010 regarding leaks and alleged defamatory statements.  She repeatedly represented in her government claim to the County that she first became aware of the incident on September 9, 2011.