Filed 4/23/26  Perez v. The State of Cal. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JENNY PEREZ,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>THE STATE OF CALIFORNIA,<br><br>    Defendant and Respondent. | G065485<br><br>(Super. Ct. No. 30-2023-<br> 01326651)<br><br>O P I N I O N |

        Appeal from a judgment of the Superior Court of Orange County, Richard Y. Lee, Judge. Affirmed.

        Jenny Perez, in pro. per., for Plaintiff and Appellant.

        Rob Bonta, Attorney General, Iveta Ovsepyan, Assistant Attorney General, Quintin Lucas and Peter J. Lucca, Jr., Deputy Attorneys General, for Defendant and Respondent.

Plaintiff Jenny Perez filed this action against defendant the State of California (the State).[1] Based on the limited record on appeal, which does not include the operative second amended complaint (or the earlier complaints),[2] Perez appears to have asserted causes of action for negligence and dangerous condition of public property under Government Code section 835 arising out of an alleged incident in July 2020 involving officers of the California Highway Patrol that ended with the death of her son.[3] The trial court sustained a demurrer to the second amended complaint without leave to amend because Perez failed to timely present a claim under the

---

[1] In her opening brief on appeal, Perez says she filed her complaint "against the State of California and its agents and employees in the California Highway Patrol." In the trial court, the Attorney General identified its client as "Defendant State of California, by and through the California Highway Patrol (erroneously sued as State of California Their Agents and or Employees of the California Highway Patrol)" (italics omitted). And in its respondent's brief, the Attorney General refers to the respondent and defendant as "State of California, by and through the California Highway Patrol." (Italics omitted.) On appeal, neither party directly addresses whether the operative complaint erroneously named the defendant. For ease of reference, this opinion refers to the defendant and respondent as the State.

[2] After Perez designated the record for appeal, the clerk's transcript included a note that some of the items were not included in the clerk's transcript because Perez had failed to identify each specific document she was designating by its title and filing date. (See Cal. Rules of Court, rule 8.122(a)(1) ["A notice designating documents to be included in a clerk's transcript must identify each designated document by its title and filing date or, if the filing date is not available, the date it was signed"].) There is no indication in the record Perez attempted to correct her defective designation of the record or address the fact that the clerk's transcript did not contain either the second amended complaint or the demurrer to it.

[3] All undesignated statutory references are to the Government Code.

2

Government Claims Act (§ 810 et seq.). We conclude the trial court did not err and therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On May 22, 2023, Perez filed her initial complaint in this action. As discussed further below, the record on appeal does not contain any of Perez's complaints in this action. In her opening brief on appeal, Perez asserts "[t]his case arises from the tragic and preventable death of Michael J. Cordero on July 23, 2020, following a vehicle pursuit that ended on the overpass of the I-5 Freeway at Euclid Street in Anaheim, California. Mr. Cordero, pursued initially by the Buena Park Police Department, was disoriented and injured after crashing his vehicle. Upon arrival at the scene, California Highway Patrol . . . officers escalated the situation by approaching the vehicle with weapons drawn, despite no indication of an immediate threat. Mr. Cordero, confused and fearful, fled and tragically fell from the overpass to his death."

In April 2024, the trial court sustained the State's demurrer to the complaint with leave to amend. The court explained it was sustaining the demurrer because, among other reasons, Perez's complaint did not allege she had presented a timely government claim. After Perez filed a first amended complaint, the State again demurred. The court's tentative ruling indicated the demurrer would be sustained without leave to amend because Perez failed to allege she had timely presented a government claim and had not sufficiently alleged grounds for estoppel. After hearing oral argument,[4] however, the court stated it "will give one last opportunity for [Perez] to fix

---

[4] The record on appeal does not contain a reporter's transcript of any of the hearings in the trial court.

3

and file an amended complaint." In November 2024, Perez filed her second amended complaint.

In January 2025, the trial court sustained the State's demurrer to the second amended complaint without further leave to amend. The court stated the second amended complaint asserted a cause of action for negligence and a cause of action for dangerous condition of public property under section 835. The court noted Perez had attached to the second amended complaint as exhibits a February 22, 2021 records request and an undated government claim, but Perez still had not alleged when she submitted her government claim to the State. Moreover, the court found Perez "alleges no facts establishing that she filed a late-claim application within one year after the accrual of the cause of action, which began on July 23, 2020," and stated that "a late-claim application is a jurisdictional prerequisite to a claim-relief petition and that government claims and late-claim applications are to be treated differently."

The trial court further found Perez "has not alleged facts that establish that the State engaged in any affirmative acts to prevent or deter [Perez] from timely filing a claim such that the State is estopped from asserting its untimely Government claim defense. Likewise, [Perez] does not allege the four elements of estoppel as set forth in *Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1785 or any 'calculated conduct or representations by the public entity or its agents that induced the plaintiff to remain inactive and not to comply with the claims-presentation requirements.'" The court noted Perez "only alleges that 'the records were not promptly release[d] as required by law,' 'special attention must be given to the broader implications of the Defendants' failure to release the requested records in a timely manner,' and '[t]his withholding of critical information

4

only [*sic*] violated the public's rights to access records under . . . [s]ections 6250–6270, but it also severely prejudiced [Perez's] ability to pursue her claims within the statutory limitations period,' and [Perez] 'faced delays and lack of cooperation.'" Noting that Perez's allegations were similar to those found insufficient in *Munoz v. State of California, supra*, 33 Cal.App.4th 1767 (*Munoz*), the court found Perez's allegations failed to state a basis for estoppel.

The court entered judgment of dismissal and Perez appealed.

DISCUSSION

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) "'[The appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'" (*Id.* at p. 609.) Moreover, "the California Rules of Court expressly require appellate briefs to '[s]tate each point . . . and support each point by argument and, if possible, by citation of authority' and to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.' (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).)" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620 (*L.O.*).)

"'It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness.' [Citation.] Nor are we 'required to search the record on [our] own seeking error.' [Citation.] Consequently, '[w]hen an appellant fails to raise a point, or

5

asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citation.]' [Citation.] Likewise, "'[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]" [Citations.]' [Citation.] These rules apply both to parties represented by counsel and self-represented parties. [Citation.] 'A party proceeding in propria persona "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys."'" (*L.O., supra*, 96 Cal.App.5th at p. 620.)

As an initial matter, Perez did not provide an adequate record on appeal. Notably, the record on appeal contains neither the second amended complaint nor the parties' filings related to the State's demurrer to it. Perez also makes numerous assertions in her appellate briefs without adequate record citations. For example, Perez's statement of facts in her opening brief contains no record citations.[5] In any event, even if Perez did not forfeit her arguments on appeal by failing to provide an adequate record, we conclude the trial court did not err.

"'The Government Claims Act (§ 810 et seq.) "establishes certain conditions precedent to the filing of a lawsuit against a public entity. As relevant here, a plaintiff must timely file a claim for money or damages with the public entity. (§ 911.2.) The failure to do so bars the plaintiff from bringing suit against that entity. (§ 945.4.)"'" (*J.J. v. County of San Diego*

---

[5] At times in its respondent's brief, the State also failed to include adequate record citations. For example, the State includes a paragraph that purports to recite the factual background of the case, but it cites only a single page of the clerk's transcript, which is simply the trial court's register of actions.

(2014) 223 Cal.App.4th 1214, 1219 (*J.J.*).) "'"The policy underlying the claims presentation requirements is to afford prompt notice to public entities. This permits early investigation and evaluation of the claim and informed fiscal planning in light of prospective liabilities."'" (*Ibid.*)

Under section 911.2, subdivision (a), "[a] claim relating to a cause of action for death or for injury to person . . . shall be presented as provided in Article 2 (commencing with [s]ection 915) not later than six months after the accrual of the cause of action." (*Ibid.*)[6] "'Timely claim presentation is not merely a procedural requirement, but is a condition precedent to the claimant's ability to maintain an action against the public entity. [Citation.] "Only after the public entity's board has acted upon or is deemed to have rejected the claim may the injured person bring a lawsuit alleging a cause of action in tort against the public entity."'" (*J.J., supra*, 223 Cal.App.4th at p. 1219.) "'The failure to timely present a claim to the public entity bars the claimant from filing a lawsuit against that public entity. [Citation.] Moreover, because the purpose of the claims is not "to prevent surprise [but rather] is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation . . . [citations][,] . . . [i]t is well-settled that claims

---

[6] "A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with [s]ection 915) not later than one year after the accrual of the cause of action." (§ 911.2, subd. (a).) "For the purpose of computing the time limits prescribed by [s]ections 911.2, 911.4, 945.6, and 946.6, the date of the accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon." (§ 901.)

7

statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim. Such knowledge—standing alone—constitutes neither substantial compliance nor basis for estoppel.""" (*Ibid.*)

"When a claim that is required by [s]ection 911.2 to be presented not later than six months after the accrual of the cause of action is not presented within that time, a written application may be made to the public entity for leave to present that claim." (§ 911.4, subd. (a).) "The application must be presented to the public entity no later than one year after the accrual of the cause of action. (§ 911.4, subd. (b).) Unless the one-year period is tolled (see § 911.4, subd. (c)), the public entity is 'powerless to grant relief' if an application for leave to file a late claim was presented after the one-year deadline." (*Coble v. Ventura County Health Care Agency* (2021) 73 Cal.App.5th 417, 421.)[7]

We conclude the trial court did not err in determining that Perez's second amended complaint was deficient because she failed to allege

---

[7] """If the public entity denies the application [for leave to present a late claim], . . . section 946.6 authorizes the injured party to petition the court for relief from the claim requirements.'" [Citation.] 'The court shall relieve the petitioner from the [claim] requirements . . . if the court finds that the application to the [public entity for leave to present a late claim] under [s]ection 911.4 was made within a reasonable time not to exceed [one year after the accrual of the cause of action] . . . and that one or more [of four criteria] is applicable . . . .' (§ 946.6, subd. (c).)" (*Coble v. Ventura County Health Care Agency, supra*, 73 Cal.App.5th at pp. 421–422.) "However, '[f]iling a late-claim application within one year after the accrual of a cause of action is a jurisdictional prerequisite to a claim-relief petition.'" (*J.J., supra*, 223 Cal.App.4th at p. 1221.)

she timely presented a claim under the Government Claims Act.[8] Perez has not demonstrated the court erred in concluding that her claims accrued on July 23, 2020, which is when she asserts her son died. Moreover, Perez does not argue she filed a claim under the Government Claims Act within six months of July 23, 2020; nor does she contend she filed a late-claim application within one year of that date.[9]

Instead, Perez argues her claims did not accrue on July 23, 2020, because the discovery rule delaying accrual of a cause of action should apply. Perez asserts "she made numerous good-faith attempts to obtain police records and learn the circumstances surrounding his death," including submitting "a formal Public Records Act request to the California Highway Patrol on February 22, 2021." According to Perez, she was not provided a report until August 2021, she "had no reason to suspect wrongful conduct at

---

[8] Given our conclusion, we need not address the State's other arguments regarding the statute of limitations and whether Perez sufficiently pleaded all the elements of her causes of action.

[9] The trial court found Perez attached her government claim to the second amended complaint but failed to allege when she submitted it. In her opening brief on appeal, Perez asserts "[d]efendants were placed on notice of [her] potential claims through her timely submission of a government claim," but she does not assert the specific date on which she purportedly submitted her claim and she provides no record citation for her assertion that she submitted it timely. To the extent Perez is suggesting she filed a claim within six months of July 23, 2020, the record does not support such an assertion. The State asserts, albeit without citation to the record, that Perez submitted her government claim on December 27, 2021, and Perez's appellate briefing does not dispute that she submitted her government claim on that date. (Indeed, at oral argument, Perez said she filed her claim in December 2021.) Even if Perez submitted her government claim in December 2021, it would be untimely, as it was submitted more than 17 months after her son's death.

the time of death," and "[o]nly after obtaining the delayed [California Highway Patrol] report could she identify the role of officer misconduct and assert claims for wrongful death, negligence, excessive force, and dangerous condition of public property."[10]

"Generally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.' [Citations.] An important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806–807.) "A plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its elements.'" (*Id.* at p. 807; see also *Estill v. County of Shasta* (2018) 25 Cal.App.5th 702, 708 ["It is enough if an individual has notice or information of circumstances that would put a reasonable person on inquiry"].) "In order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.' [Citation.] In assessing the sufficiency of the allegations of delayed discovery, the court places the burden

_____

[10] In her reply brief, Perez says "[t]he [California Highway Patrol's] report, withheld for more than a year, reveals that officers approached the vehicle believing they were investigating a hit-and-run. One officer stated he feared for his life solely because of tinted vehicle windows. Both officers exited their marked SUV with weapons drawn. When the motorist opened the door, he appeared disoriented and attempted to run. He fell over a freeway barrier and was struck by an oncoming vehicle."

10

on the plaintiff to 'show diligence'; 'conclusory allegations will not withstand demurrer.'" (*Fox*, at p. 808.)

Here, Perez has not shown she alleged sufficient facts to show the discovery rule applies to delay the accrual of her causes of action. As discussed, Perez did not provide an adequate record on appeal, and the assertions in her appellate briefs regarding delayed discovery lack adequate record citations. But even if we were to consider the assertions made in Perez's appellate briefs, they are insufficient. Perez does not argue she was unaware of her son's death on July 23, 2020; nor does she argue she was unaware of the location of her son's death or that it occurred during an encounter with law enforcement. Moreover, Perez does not assert sufficient facts showing she could not have discovered the alleged wrongdoing by the California Highway Patrol earlier using reasonable diligence. She does not explain why she could not have earlier discovered purported wrongful conduct by the California Highway Patrol before receiving the report. Additionally, other than referring to the Covid-19 pandemic, she does not explain why she waited approximately seven months after her son's death to even request the report.[11]

Perez also asserts "equitable tolling" should apply. This argument is unavailing because "the doctrine of equitable tolling cannot be invoked to suspend section 911.2's six-month deadline for filing a prerequisite

---

[11] Perez references various statutes, including citing Vehicle Code section 20012 and generally citing the California Public Records Act (Gov. Code, § 7920.000 et seq.), and she appears to assert the State failed to timely provide her with information and assist her in making her request for the report. But even if the State should have produced the report sooner, that does not support application of the discovery rule to delay accrual of her causes of action for the reasons discussed.

government claim." (*Willis v. City of Carlsbad* (2020) 48 Cal.App.5th 1104, 1121.) "[T]he six-month period of section 911.2 is not a statute of limitations [citation] to which tolling rules might apply." (*Ibid.*) The two cases Perez cites for her equitable tolling argument do not concern the deadline to submit a government claim under section 911.2. (See *Saint Francis Memorial Hospital v. State Dept. of Public Health* (2020) 9 Cal.5th 710, 717 [addressing "whether equitable tolling can ever lessen the otherwise strict time limit on the availability of writs of administrative mandate under section 11523, and if so, whether the doctrine applies in this case"]; *Addison v. State of California* (1978) 21 Cal.3d 313, 315 ["conclud[ing] that the filing of an action in the United States District Court suspends the running of the six-month limitations period (Gov. Code, § 945.6 . . .) within which suits must be brought against public entities in state courts"].)[12]

_____

[12] Although Perez's appellate briefs do not mention equitable estoppel, we note equitable estoppel may apply to the government claims requirement. "A public entity may be estopped from asserting the limitations of the tort claims statutes where its agents or employees have prevented or deterred the filing of a timely claim by some affirmative act. The required elements for an equitable estoppel are: (1) the party to be estopped must be apprised of the facts; (2) the party to be estopped must intend his or her conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) the other party must rely upon the conduct to his or her injury." (*Munoz, supra*, 33 Cal.App.4th at p. 1785; see also *J.J., supra*, 223 Cal.App.4th at p. 1227.) The trial court determined Perez's allegations were insufficient for estoppel. In her appellate briefs, Perez does not assert developed argument with applicable case authority regarding estoppel, and she therefore has waived the argument. (See *L.O., supra*, 96 Cal.App.5th at p. 620.) In any event, Perez has not alleged sufficient facts to state an estoppel based on the purportedly belatedly-released incident report. (See *Munoz*, at p. 1785 [concluding the "plaintiff's assertions on appeal fail to satisfy the required elements for an estoppel" where the plaintiff alleged "'[t]he State of California failed to provide

Relying on California Rules of Court, appendix I, Emergency rule 9 (Emergency rule 9), Perez also argues "the COVID-19 pandemic triggered California Emergency [r]ule 9, which tolled the statute of limitations for civil causes of action between April 6, 2020, and October 1, 2020."[13] According to Perez, "[t]his temporary suspension further extends the time available to file suit and should be factored into the analysis." Perez further argues "[c]ourts were operating with reduced hours and staffing, and [her] efforts to file her government claim in December 2021 were impeded by those restrictions," and "[t]hese conditions extend the limitations period and protect [her] claim." To the extent Perez is asserting Emergency rule 9 tolled the time for her to submit a government claim, she has failed to assert developed argument with applicable case authority that Emergency rule 9 applies to the time to submit a government claim, as compared to the statute of limitations governing the filing of a complaint in the trial court. (See *L.O., supra*, 96 Cal.App.5th at p. 620.) Moreover, even assuming Emergency rule 9 applies to the time to

petitioner's attorney with the requested medical records until December 6, 1993,' and made other statements to that effect"]; *J.J.*, at p. 1228 [concluding the police report provided "no basis for estoppel against the County as a result of when J.J. (through counsel) obtained this report, inasmuch as we already have concluded the report does not have a material bearing on the accrual issue"].)

[13] Under Emergency rule 9, "the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020" and "the statutes of limitations and repose for civil causes of action that are 180 days or less are tolled from April 6, 2020, until August 3, 2020." (Emergency rule 9(a) & (b).) Emergency rule 9 remained in effect until June 30, 2022, but "[t]his sunset does not nullify the effect of the tolling of the statutes of limitation and repose under the rule." (Emergency rule 9(c).)

submit government claims, Perez still has not demonstrated she submitted a timely government claim.[14]

DISPOSITION

The judgment is affirmed. Respondent shall recover its costs on appeal.


GOODING, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


SCOTT, J.

---

[14] As discussed, the trial court found Perez failed to allege when she submitted her government claim. If Perez submitted her claim on December 27, 2021 (as the State asserts), it still would be untimely even if one of the tolling provisions of Emergency rule 9 applied.

We note Perez's appellate briefing does not discuss Executive Order N-35-20, which was mentioned by the trial court. Under certain executive orders, the time for presenting a government claim was extended by 120 days for claims that accrued before June 30, 2021. (*Coble v. Ventura County Health Care Agency, supra*, 73 Cal.App.5th at p. 422.) Similarly, however, even if Perez had presented a government claim in December 2021, it still would have been untimely even with the benefit of a 120 day extension.

14